**UNITED STATES of America,**
**Appellee,**

v.

**Jamile LEE, Defendant–Appellant.**

**No. 06–0959–cr.**

United States Court of Appeals,
Second Circuit.

May 27, 2008.

Isabel K. McGinty, New York, NY, for Appellant.

Stephan Baczynski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, Mary Clare Kane, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: RICHARD J. CARDAMONE, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Jamile Lee appeals from a judgment of conviction entered on February 22, 2006 and the resulting sentence. Following a jury trial, defendant was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and 851; attempt to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), 851 and 18 U.S.C. § 2; and use of a telephone to commit a drug trafficking felony in violation of 21 U.S.C. § 843(b). Defendant was sentenced principally to a term of 300 months' incarceration. On appeal, defendant presents several challenges to his conviction and sentence. He argues that (1) the Government committed various acts of prosecutorial misconduct and that those acts deprived him of a fair trial; (2) the District Court's failure to issue limiting instructions *sua sponte*, when evidence was introduced of his previous incarceration and convictions, constituted plain error; (3) he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment; (4) the sentence imposed was based on an inaccurate drug quantity that could not be attributed to him; and (5) his criminal history calculation should have been submitted to a jury. We assume the parties' familiarity with the facts and procedural history of the case.

We review a claim of prosecutorial misconduct, such as improper statements during opening argument, for prejudicial error, reversing "only if the statements, viewed against the entire argument before the jury deprived the defendant of a fair trial." *See United States v. Helmsley*, 941 F.2d 71, 95–96 (2d Cir.1991). In conducting an inquiry into whether a prosecutor's behavior amounted to "prejudicial error," we examine "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct." *Id.* Where a defendant does not raise an objection at trial, his claims are reviewed under the plain error standard. *See United States v. Hurtado*, 47 F.3d 577, 585 (2d Cir.1995). Claims of ineffective assistance of counsel are reviewed *de novo. See United States v. Finley*, 245 F.3d 199, 204 (2d Cir.2001). We review a district court's imposition of a particular sentence for procedural and substantive unreasonableness under an abuse-of-discretion standard. *See United States v. Regalado*, 518 F.3d 143, 147 (2d Cir.2008).

While the government's reference to Lee's prior conviction in its opening statement—whether intentional or inadvertent—was error, Lee's trial counsel raised no objection, and we conclude that any possible prejudice arising from this isolated remark or any other misconduct alleged by defendant was greatly outweighed by the evidence presented at trial, including the testimony of several witnesses and recorded conversations of defendant arranging the drug transaction in question. We further conclude that the District Court's failure to give the jury limiting instructions *sua sponte* did not constitute error, much less, plain error. We decline to review defendant's ineffective assistance of counsel claim because it is more properly reviewed on a motion pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Morris*, 350 F.3d 32, 39 (2d Cir.2003). We find Lee's sentencing challenges to be without merit. The drug quantity that served as the basis for his sentence was found by the jury in its special verdict. We conclude that the sentence imposed, which was below the Guidelines range, was neither procedurally nor substantively unreasonable.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**